
THE PEOPLE, on the relation of Mapes, *vs.* COLUM-
BIA C. P.

In an affidavit to found a certiorari, a statement of the points relied on for
error, besides setting forth the testimony and proceedings before the jus-
tice, is not necessary when the alleged errors consist in the proceedings
set forth.

August 4.

MOTION for mandamus. The common pleas of Columbia
quashed a writ of *certiorari* removing a justice's judgment in-
to that court, for the cause that the *affidavit* upon which the
certiorari was granted, did not *sufficiently* set forth the grounds
upon which the allegation of error was founded. The affi-
davit states that the plaintiffs declared on a justice's judg-
ment rendered in the state of *Connecticut;* that the relator
pleaded *nil debet,* and gave notice of set-off; that the issue
thus joined was brought on to trial, when the plaintiffs pro-
duced a copy of what purported to be a *record* of the judg-
ment rendered in Connecticut, and proved that the copy pro-
duced was a transcript of the record remaining with the jus-
tice in Connecticut, and that the justice who rendered such
judgment was an acting justice of the peace in the town of
Salisbury, in the county of Litchfield, and state of Connec-
ticut, at the time of its rendition. The plaintiffs further pro-
duced a *printed book* purporting to be the *statute laws* of Con-
necticut, to shew the jurisdiction of the justice, and proved
by a witness that such book contained the statutes of Con-
necticut, as received and used in that state : all which evi-
dence was objected to by the relator, but received by the jus-
tice, and the plaintiff rested. The relator moved for a non-
suit, which the justice refused to grant. The relator then of-
fered to prove the sale and delivery by him to the plaintiffs
of a large quantity of wheat and rye, in the years 1827 and
1828, which evidence was objected to by the plaintiffs, and
the justice decided that evidence of matters of set-off, arising
previous to 19th June, 1830, the date of the rendition of the
judgment in Connecticut, was inadmissible, and rejected the
same. Here the parties rested, and the justice, after taking

ALBANY,
Aug. 1831.

The People
v
Columbia C. P.

*four days* for consideration, gave judgment for the plaintiffs for the amount of their demand. The relator now moves for a *mandamus*, to vacate the order quashing the *certiorari.* It was objected, in opposition to the motion for a mandamus, that the common pleas had decided correctly; that the statute requires that the party applying for a certiorari shall not only set forth the substance of the *testimony* and *proceedings* before the justice, but also the *grounds* upon which his allegation of error is founded; or, in other words, that he shall distinctly state the points upon which he relies for a reversal of the judgment.

*U. Cole,* for relators.

*J. W. Edmonds,* contra.

*By the Court,* SAVAGE, Ch. J. A party intending to apply for a certiorari, must make, or cause to be made, an affidavit setting forth the substance of the testimony and proceedings before the justice, and the grounds upon which the allegation of error is founded; which affidavit must be presented for the allowance of a certiorari to a proper officer, whose duty it is, if satisfied that *any error affecting the merits of the controversy* has been committed, to allow the certiorari. 2 *R. S.* 255, § 171, 172. By a subsequent provision of the same statute, the justice to whom the certiorari issues, is directed to make a true and full answer to *all the facts* set forth in the affidavit, it being required to be served on him. From these references, it is manifest that the relator fully complied with the object and intent of the statute. Enough was shewn to enable the officer to whom application was made for a certiorari, to judge whether errors had been committed in the proceedings before the justice, and the latter was clearly certified of the facts to which a return would be required. A statement of the points relied on for error, besides setting forth the testimony and proceedings before the justice, is not necessary when the alleged errors consist in the proceedings set forth. Let a mandamus issue.