THE PEOPLE, on the relation of Leggs, *vs.* ONONDAGA C. P.

An affidavit to found a *certiorari*, may be made either by the *party* or his attorney.

It is not necessary in such affidavit, after stating the proceedings before the justice, distinctly presenting the points relied on for error, to state specially at the close of the affidavit the precise grounds upon which the allegation of error is founded.

Where the common pleas grant an amendment *without costs*, this court will not control them in their exercise of their discretion in that particular, where the error permitted to be amended was not the principal ground on which the C. P, was moved to set aside the proceedings.

DEMURRER to return to alternative mandamus. A judgment was obtained by the relator in a justic's court against one J. Start, who sued out a *certiorari* to remove the judgment into the Onondaga common pleas. The judgment was rendered in the justice's court on 15th March, 1830. The affidavit on which the certiorari was founded was made by the *attorney* of Start, and set forth the proceedings before the justice, and various questions of law raised on the trial and decided by the justice, but did not, *in addition thereto*, set forth the grounds upon which the allegation of error was founded *by way of points* relied on for the reversal of the judgment. The *certiorari* bore teste in February, 1829, returnable in May thereafter. The relator moved to quash the *certiorari* upon the following grounds : 1. That the affidavit should have been made by the *party*, and not by his *attorney ;* 2. That it only states the substance of the testimony and proceedings before the justice, and does not particularly state ' the grounds upon which the allegation of error is founded ;' and 3. That the certiorari was tested out of term. The common pleas denied the motion, and allowed the *certiorari* to be amended, by sub-

ALBANY,
Jan. 1832.

The People
v.
Onondaga
C. P.

stituting the word *thirty* for the words *twenty-nine,* so as to make the teste of the writ February, 1830, instead of February, 1829, and granted such amendment *without* costs, to be paid by Start. The relator applied for and obtained an *alternative mandamus,* directing the common pleas to *vacate* their rule denying the motion and granting the amendment, and to *quash* the *certiorari.* The common pleas made a return, stating the the above facts ; the relator *demurred,* and the defendants joined in demurrer.

> *Kellogg & Sandford,* for relator.

> *S. H. Hammond,* contra.

*By the Court,* SUTHERLAND, J.  The relator contends that the certiorari ought to have been granted by the common pleas, principally on two grounds : 1. Because the affidavit on which it was allowed was made by the attorney, and not by the party, without any reason being assigned for its not being made by the party ; and 2. Because the affidavit did not state with sufficient clearness and precision the grounds upon which the allegation of error was founded.

The statute out of which these objections arise, 2 R. S. 255, § 171, provides, " that the party intending to apply for such certiorari shall make, or *cause to be made,* an affidavit setting forth the substance of the testimony and proceedings before the justice, *and the grounds upon which an allegation of error is founded.*" The party must either make, *or cause to be made,* the affidavit, &c.  The $25 act of 1813, 1 R. L. 396, § 67, does not contain the latter clause, but declares that no certiorari shall be allowed, unless *the party applying for the certiorari* shall within 30 days make affidavit, &c.  Under that act it was held that the *party* must make the affidavit, unless some reason was assigned for its being made by his *attorney ;* but where a sufficient reason was assigned, as that the party was not present at the trial, an affidavit by his attorney was held sufficient, from the necessity of the case, notwithstanding the explicit language of the act.  All the cases referred to by the relator arose under that act.  6 Johns. R. 327. 1 Cowen, 48. 2 Wendell, 291.  The legislature undoubtedly intended, when

they changed the phraseology of the act, to allow the affidavit to be made either by the party or his attorney, when either the one or the other, or both were present at the trial, and were able to state with precision the proceedings before the justice. There is no reason in the nature of the case why the affidavit should not be made by the attorney as well as by the party. In most cases, he is more able than the party to state the proceedings accurately, and probably in all cases where there is an attorney, he draws the affidavit from his minutes, and the party swears to it, without any very distinct recollection of the facts, relying upon the accuracy of the minutes, or memory of his attorney. It appears in this case that the attorney who made the affidavit was present at the trial, and the facts are positively sworn to by him. This is all that is required by the act. He is presumed to act by the express or implied request of the party in making the affidavit.

ALBANY,
Jan, 1832.

The People
v.
Onodaga
C. P.

The affidavit states distinctly the various objections raised by the plaintiff in error before the justice, and his decision thereon in the order in which they took place. I am inclined to think this is a substantial compliance with the act; though it would have been more formal and accurate, perhaps, in him, to have specified distinctly, at the close of his affidavit, the precise grounds of error on which he intended to rely. In the absence of such specification, he must be considered as relying upon all the objections taken by him at the trial.*

The court below properly allowed the teste of the certiorari to be amended; the year *twenty-nine* was inserted by mistake, instead of *thirty.* 2 Wendell, 259. 9 Cowen, 304. 8 Cowen, 746. 1 Cowen, 33, 38, 41, 141. 9 Johns. R. 388. Although it is a general rule, that where an amendment is allowed, it is upon payment of costs; yet the rule is not so inflexible as to take from the court all discretion upon the subject. This was not the principal ground on which the motion was founded. I think, under the circumstances of the case, the question of the costs of the motion rested in the discretion of the court. The defendants, therefore, are entitled to judgment upon the demurrer, and the motion for a peremptory mandamus is denied.

* See 6 Wendell, 544, where the same point is decided.