THE PEOPLE, *ex rel.* ROE & ROE, *vs.* THE SUFFOLK COMMON PLEAS.

Where a cause was tried in a justice's court, and a verdict found for the plaintiff, and the justice, at the request of the counsel for the defendant, who was an attorney-at-law, in the absence of the counsel, prepared an affidavit for the defendant preliminary to the suing out of a certiorari, and also prepared the other necessary papers: *it was held* by this court that the conduct of the justice was improper, and that the *certiorari* sued out ought to have been quashed, and a *mandamus* was accordingly awarded.

Where the error relied on is, that the *evidence did not warrant the verdict*, it is not enough to detail in the affidavit the facts proved, but the party must specifically state that such is the ground upon which the allegation of error is founded.

MOTION *for mandamus*, with a stipulation of the parties that the papers submitted should be received as a substitute for the return of the judges to an alternative writ.

The relators recovered a judgment against *Augustus Gardiner*, before a justice of the peace, for twenty dollars damages and costs of suit. The cause was tried by jury. Immediately after the verdict, Mr. Buffet, the counsel for Gardiner, being as he said under the necessity of leaving town, and residing at the distance of twenty-five miles from his client, requested the justice to draw the necessary affidavit for the purpose of obtaining the allowance of a certiorari to review the judgment, and directed him also to draw the necessary bond, and make out the writ of certiorari, and affix his (Buffet's) name as attorney for Gardiner in that proceeding. The justice at first doubted the propriety of complying with the request, but finally consented, and drew the affidavit, which was sworn to by Gardiner, and prepared the bond and certiorari, affixing to the latter the name [551] of Buffet as attorney. The justice, in his affidavit, speaks of having drawn the affidavit and bond merely as an *amanuensis* or clerk, under the direction of Buffet; but Buffet was not present when the affidavit was drawn, and could not have dictated its contents. He gave no special direction about drawing the affidavit, except to request the justice to insert in it the facts concerning the appearance of a book which had been given in evidence. The justice swears that he was never employed by Gardiner to draw the papers, that he has never received anything for those services, and that he has not in any other way acted as the attorney of Gardiner in the cause.

The affidavit on which the certiorari was allowed, states the process for the commencement of the suit, the issue joined, the proceedings, verdict, and judgment. It does not state that any question arose about the admission or rejection of evidence, the regularity of the proceedings, or the legal rights of the parties; and it concludes without alleging any ground of error, either in the proceedings, verdict, or judgment.

The relators made a motion in the common pleas to quash the certiorari, and to set aside all subsequent proceedings thereon, which was denied.

*By the Court,* BRONSON, J. The party applying for a *certiorari* must make an affidavit, "setting forth the substance of the testimony and proceedings before the justice, and the grounds upon which an allegation of error is founded." (2 *R. S.* 255, § 171.) After the allowance of the writ, it is, with the affidavit, to be served on the justice, (§ 175;) and in his return, the justice must "truly and fully answer to all the facts set forth in the affidavit on which the *certiorari* was allowed." (§ 178.) The justice, in making his return, as well as in all the previous proceedings, should stand indifferent between the parties. Except in the ministerial duty of issuing process, he should not consent to act either as the attorney or agent for the suitors in his court, nor do anything calculated to create a bias in favor of the one side or the other. By preparing the affidavit, the justice [552] was in some degree committed to make his return conform to what he had previously alleged was "the substance of the testimony and proceedings" in the cause. But, independent of this consideration, the act complained of was calculated to impair the confidence of the opposite party in the impartiality of

The People v. Ten Eyck.

the officer, which is of itself an evil which should be carefully avoided. Next in importance to the duty of rendering a righteous judgment, is that of doing it in such a manner as will beget no suspicion of the fairness and integrity of the judge. In the case under consideration, the relators have stated several matters which they deem evidence of the partiality of the justice, and, among others, that he refused to amend his return in a point wherein they allege it is erroneous. This suspicion of the magistrate has no doubt arisen from the fact, that he consented to act as the attorney or agent of the opposite party in preparing the papers; and although he may have acted with perfect uprightness in all that he has done, (and the court certainly does not intend to intimate a contrary opinion,) he made a mistake in relation to his duty, which, if sanctioned, would furnish a precedent of dangerous tendency. He did not act as the mere *amanuensis* of the attorney. Mr. Buffet was not present when the affidavit was drawn, and he did not dictate any part of its contents. He only requested the justice to be particular in stating what was the appearance of a book which had been given in evidence. In *Fox* v. *Johnson*, (3 *Cowen*, 20,) the court set aside the return of a justice to a writ of certiorari, because it had been drawn by the attorney for the plaintiff in error. In point of principle, it is no less objectionable to allow the justice to prepare papers which should be drawn by the attorney, than it would be to allow the attorney to prepare papers which should be drawn by the justice.

There is another objection to the affidavit. The statute requires that it shall set forth " the grounds upon which an allegation of error is founded," and this affidavit states nothing whatever on that subject. Where it appears from the affidavit that questions concerning the regularity of the proceedings, the admission or rejection of evidence, or the like, were made and decided on the trial, that will be a substantial compliance without specifying, at the [553] close of the affidavit, the particular grounds of error on which the party relies. (*The People* v. *Columbia C. P.* 6 *Wendell*, 544. *The People* v. *Onondaga C. P.*, 8 *id.* 509.) In this case, the affidavit does not state that any question arose or was decided on the trial, nor does it set forth any ground of error whatever. The party probably intended to rely on the argument that the evidence did not warrant the verdict. If that was the ground of error on which he relied, it should have been stated in the affidavit. The court is not at liberty to hold that this requirement of the statute may be wholly disregarded. The common pleas should have quashed the certiorari, and a *mandamus* must issue.