THE PEOPLE, *ex rel.* Rogers & Dunn, *vs.* THE SARATOGA COMMON [596] PLEAS.

The affidavit presented to a judge for the allowance of an *appeal* from a justice's judgment, on the ground of *newly discovered evidence*, must set forth not only ' the testimony and proceedings before the justice," but the *substance* of the newly discovered evidence.

MOTION for *mandamus.* The relators sued John Ostrander before a justice of Saratoga county, and recovered $27.50 damages, and $3.68 costs. The defendant appealed to the common pleas. The affidavit on which the appeal was allowed stated the issue joined before the justice, that there was a trial by jury, and several witnesses were sworn for each party, and that there was a verdict and judgment for the plaintiffs. The plaintiffs declared for trespass on lands, and the defendant pleaded the general issue and possession. Neither the testimony of the witnesses nor the proceedings before the justice were set forth, except as above mentioned. The affidavit then proceeded as follows : " And this deponent further saith, that since the trial of the said cause, he, this deponent, has discovered new testimony unknown to him before the said trial, on a point material to the cause, as this deponent is informed by counsel and believes to be true, and which point was not urged on the trial of the said cause before the said justice, and that the said testimony aforesaid, discovered since the said trial, is, as this deponent is informed by counsel and believes, truly material to establish such point aforesaid."

The relators moved the common pleas to dismiss the appeal, on the ground that the affidavit was insufficient; but the motion was denied, with costs. They now moved for a *mandamus.*

*By the Court,* BRONSON, J. The party intending to appeal, must present to a judge or commissioner an affidavit " setting forth the testimony and proceedings before the justice, and the grounds upon which an allegation of error is founded, or upon which a new trial is claimed." The judge may allow [597] an appeal, if he is satisfied by the affidavit, " that since the trial, the party desiring to appeal, has discovered new testimony, unknown to him before the trial, on some point material to the cause, which was not urged on the trial," and that " it is necessary for the attainment of justice that a new trial should be had." (2 *R. S.* 258, § 187, 188.) I think the affidavit was insufficient. It did not set forth any part of the testimony, and it contained only so much of the proceedings before the justice as related to the issue and judgment. In the case of a *certiorari,* it is required that the affidavit shall set forth the proceedings, " and the grounds upon which an allegation of error is founded." (§ 171.) It has been held, that an affidavit which stated the various objections made by the parties, and the decisions of the justice upon them, was sufficient, although it did not afterwards specify the precise grounds of error on which the party intended to rely. (6 *Wendell,* 544. 8 *id.* 509.) This was a substantial compliance with the requirements of the statute. But it has been decided in a later case, that an affidavit which did not in

313

The People v. Covell.

any form set forth the supposed grounds of error, was defective, and the *certiorari* was quashed for that cause.   In relation to appeals, the statute is in the alternative—the party is required to set forth his allegation of error, where he intends to rely upon some irregularity or improper decision before the justice; but where he does not complain of the proceedings before the justice, but desires a new trial upon some other ground, as the discovery of new testimony, it is sufficient to set forth the particular matter on which a new trial is claimed.   But, in either case, he must set forth "the testimony and proceedings before the justice;" and the court has no power to dispense with this express enactment.   In the case of a suit commenced by attachment, where the defendant does not attend the trial, and where he relies on the allegation that the proof on which the process issued was insufficient, he may be excused from setting forth the testimony and proceedings before the justice.   But in this case there was a trial—witnesses were [598] sworn for both parties, and there is no pretense that the party was unable to comply with the terms of the statute.

The testimony and proceedings should have been given for the purpose of showing that the defendant had in truth discovered new testimony, and that it was on some point which was not urged on the trial.   The officer who is to allow the appeal cannot know what is new testimony, or what a new point, until he has ascertained what took place before the justice.   This leads to the remark that the affidavit was also defective, because it did not state the substance of the new testimony, nor how it was material to the cause.   These are points on which the mind of the officer is to be satisfied, and he is only to allow an appeal where "it is necessary for the attainment of justice that a new trial should be had."   On such an affidavit as was made in this case, the officer has no opportunity for the exercise of his discretion ; the party makes himself the judge of the necessity of a new trial.   These proceedings need not be so full and formal as those on a motion for a new trial in this court, on the ground of newly discovered evidence ; but I think the party should at least state the substance of what took place before the justice, with the questions which arose, and the substance of the newly discovered testimony.                                                     Motion granted.