## WOODLE VS. HOUGHTON.

1. STATUTE CONSTRUED. So much of article 12, statutes of Wisconsin, 340, entitled " An act concerning justices of the peace," as is necessary to carry into effect the act of January 30, 1844, concerning justices of the peace, and for other purposes, is retained and not repealed.

2. CERTIORARI — PRACTICE. In proceedings by certiorari, where the error relied on is that the evidence did not warrant the finding, it is not enough to detail the evidence in the affidavit for the writ, but the error relied on must be distinctly pointed out; but if the affidavit distinctly presents the points, it is not necessary to state at its close the precise grounds of error.

ERROR to the District Court for *Green* County.
The case is stated in the opinion of the court.
*A. Hyatt Smith*, for plaintiff in error.
*David Noggle*, for defendant in error.

MILLER, J. The plaintiff in error brought this case into the district court, by certiorari to a justice of the peace. A motion was filed in the district court to quash the writ and dismiss the suit, for the reason that the ground of error alleged is not set forth in the affidavit on which the writ was allowed ; which motion was sustained by the court.

The act to amend an act entitled "An act concerning justices of the peace, and for other purposes, approved January 30, 1844," provides, "that in all cases where an appeal is not allowed by the provisions of this section, it shall be lawful for either party to remove the cause to the district court, by a writ of certiorari, and so much of article 12 of the act entitled "An act concerning justices of the peace," as will be necessary to carry the provisions of this act into effect, is hereby retained — section 14 to the contrary notwithstanding, and in such cases, it shall be the duty of the justice to return all the testimony and proceedings before him." On an examination of said section 12, on page 340 of the statutes, it will appear, that the party must set forth in

his affidavit the ground of error alleged therein.  The legislature deprived a party of an appeal, in all cases, where the recovery does not exceed $15, and continued the remedy by certiorari, in cases under that sum.  Article 12 prescribed a system of practice, intended to be complete and perfect in itself, and seems to be necessary to enable a party to have his case properly presented to the court, and correctly decided. The whole requirements of the twelfth article must be complied with, and as the party is deprived of having his cause tried on its merits by appeal, the legislature intended that the justices must return all the testimony and proceedings had before him.

The affidavit merely sets forth, that the declaration was verbal, stating that the plaintiff was possessed of four hogs and the defendant wrongfully converted them to his own use, and claimed $50 damages, to which the defendant pleaded the general issue — a statement of the evidence, and that this application for a writ of certiorari is made in good faith and not for the purpose of delay.

Where the error relied on is that the evidence did not warrant the verdict, it is not enough to detail in the affidavit the facts proved ; but the party must specifically state that such is the ground upon which the allegation of error is founded.  *People v. The Suffolk C. P.*, 18 Wend. 550.  But if the affidavit distinctly presents the points relied on for error, it is not necessary to state specifically at the close of the affidavit the precise ground upon which the allegation of error is founded.  *People v. Onondaga C. P.*, 8 Wend. 509.

The judgment of the district court dismissing the case was correct, and must be affirmed.